# EXHIBIT 1

RECEIVED APR 24 1996

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court

DISTRICT OF MASSACHUSETTS

SCHOOL TIME TRANSPORATION, INC.,

**JUDGMENT IN A CIVIL CASE**

V.

UNITED FOOD & COMMERCIAL WORKERS UNION,
LOCAL 1459, AFL-CIO, ET AL            CASE NUMBER: 96-10261-FHF

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

JUDGMENT entered for the Defendants pursuant to the Bench Order of the Court entered on April 19, 1996 granting the Defts. Motion for Summary Judgment and Costs.

April 22, 1996                                    ROBERT J. SMITH, JR.
_____                                   _____
Date                                              Clerk

                                                  [signature]
                                                  (By) Deputy Clerk

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SCHOOL TIME TRANSPORTATION, INC., )
       Plaintiff )
           )
           )
    v.       ) CIVIL ACTION NO. 96-10261-FHF
           )
UNITED FOOD & COMMERCIAL  )
 WORKERS UNION, LOCAL 1459, )
 AFL-CIO, and      )
UNITED FOOD & COMMERCIAL  )
 WORKERS INTERNATIONAL UNION, )
 AFL-CIO,        )
       Defendants )

BENCH ORDER

April 19, 1996

FREEDMAN, S.J.

  In May, 1995, plaintiff School Time Transportation, Inc. ("the Company") was awarded a contract with the Freetown and Lakeville Public Schools to provide school bus transportation services. In years prior to 1995, school bus transportation services for the Freetown and Lakeville Public Schools had been performed by Laidlaw, Inc. ("Laidlaw"), with bus drivers represented by the defendant, United Food and Commercial Workers Union, Local 1459 ("the Union"). Therefore, at the start of the 1995 school year, the Company and the Union entered into a new collective bargaining agreement ("the Contract") establishing the conditions of employment for all bus drivers to be employed by the Company. The Company agreed to offer employment to all bus drivers previously employed by Laidlaw, and Article 7, section 1(A) of the Contract provides that the seniority of former Laidlaw drivers "shall be maintained based on their previous length of service." The Company and the Union also agreed under

Article 7, section 8 of the Contract that "[a]n employee shall be on probation until completion of thirty (30) working days of service from the date of hire." However, because "the date of hire" referenced in Article 7, section 8 could refer to an employee's hiring date by the Company, or, given Article 7, section 1(A), an employee's hiring date by Laidlaw, it is unclear as to whether former Laidlaw bus drivers are subject to the thirty-day probationary term outlined in Article 7, section 8. The ambiguity inherent in Article 7 of the Contract led to the present dispute.

In October, 1995, the Company discharged three former Laidlaw bus drivers after less than a month on the job with the Company. The Union filed a grievance pursuant to the grievance and arbitration clause of the Contract challenging the discharges. Receiving no satisfying response from the Company, the Union sought arbitration of the grievance claiming that the three drivers were discharged without just cause in violation of Article 10 of the Contract.

Before the Court is the Company's request for a preliminary injunction enjoining arbitration of the wrongful discharge grievance, and the Union's motion for summary judgment on its counterclaim seeking to compel arbitration. In support of its request for injunctive relief, the Company asserts that the Union's grievance is not arbitrable. Citing Article 7, section 8, the Company notes that disputes involving discharges during the probationary thirty-day period are expressly excluded from

2

the grievance and arbitration clause of the Contract. The Court recognizes that if the three discharged drivers were subject to a probationary period of employment, then the Union's grievance is indeed inarbitrable. However, based upon the Contract and the record in this case, it is not at all certain that the former Laidlaw drivers were hired by the Company as probationary employees. In fact, the Union alleges that the seniority provision in Article 7, section 1(A) exempts all former Laidlaw drivers from serving a probationary period of employment.

In the end, the Court need not resolve the dispute regarding the discharged drivers' probationary status, as it believes that the question of whether the former Laidlaw drivers were hired subject to a probationary term of employment under Article 7, section 8 is properly left to an arbitrator. When asked to determine the arbitrability of a grievance, the Court's sole role is to probe the Contract, and "'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute[,]'" the Court should order arbitration. See AT&T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 650 (1986) (citing United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)). And, under the circumstances of this case, the Court cannot say with "positive assurance" that the arbitration clause does not cover the Union's wrongful discharge grievance. Accordingly, the Court concludes that the Company must proceed to arbitration.

As the prevailing party in this matter, the Union shall be allowed its costs "as of course" under Rule 54(d)(1) of the Federal Rules of Civil Procedure. The Union shall submit a schedule of costs within ten (10) days of issuance of this Order. The Union's request for attorney's fees, however, will be denied on the grounds that given the Contract's express exclusion from arbitration disputes involving the discharge of employees during the probationary period, the Court cannot say that the Union's grievance was so clearly subject to arbitration under the Contract that the Company's refusal to submit to arbitration was without justification. See Local 285, Service Employees International Union v. Nonotuck Resource Associates, Inc., 64 F.3d 735, 738 (1st Cir. 1995).

At bottom, the Company's request for a preliminary injunction is DENIED, the Union's motion for summary judgment is GRANTED, the Company is ORDERED to proceed to arbitration of the Union's grievance, the Union's request for costs is ALLOWED, and the Union's request for attorney's fees is DENIED.

It is So Ordered.

/s/ Frank H. Freedman
Senior United States District Judge